UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

IN RE ARTHUR D'AMARIO,           )
                                 )
                                 )   Civil No. 1:07-CV-00324-JAW
                                 )

**ORDER AFFIRMING THE
RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

On December 3, 2007, the United States Magistrate Judge filed her Recommended Decision regarding the Petitioner's Motion to proceed *in forma pauperis*. Arthur D'Amario, the petitioner, filed an objection to the Recommended Decision on April 4, 2008. The Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; it has made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision, and concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in her Recommended Decision and in this opinion, and determines that no further proceeding is necessary.

**I.    DISCUSSION**

In the Recommended Decision, the Magistrate Judge notes that the United States District Court in the District of New Jersey found that its dismissal of Mr. D'Amario's writ of mandamus action for failure to state a claim appeared "to be at least Petitioner's third 'strike' for purposes of 28 U.S.C. § 1915(g)." *Recommended Decision* at 3 (Docket # 12) (quoting *D'Amario v. Clerk U.S. Dist. Ct.*, Civ. No. 07-4566 (RBK), 2007 WL 2990713, at *3 (D.N.J. Oct. 5, 2007)). In that case, the New Jersey court counted its dismissal as one strike, *D'Amario v. U.S. Bureau of Prisons*, Civ. No. 01-0561 (JEI) (D.N.J.) as a second strike, and *D'Amario v. Olnes*, Civ. No. 01-0742 (ADM)

(D. Minn.) as the third strike under § 1915(g).[1]  Mr. D'Amario, in his objection to the Magistrate Judge's Recommended Decision, argues against the application of the three strikes rule against him.  He first claims that he "lost the 'Olnes' case because he was in transit and missed court procedural orders."  *Objection to Recommended Decision* at 1.  (Docket # 20).  He next argues that he lost "the 'USBOP' case because Judge Irenas is incompetent and unable to comprehend basic facts, like the fact that once Central Office denies an administrative appeal, the matter is ripe for judicial review."  *Id.*  Finally, Mr. D'Amario argues that the "D/NJ case v. the Clerk is still pending via a Rule 59(e) motion.  If that motion is denied, he'll appeal."  *Id.*

Mr. D'Amario's arguments relating to travel logistics and his personal opinions concerning judicial competency do not overcome the statutory mandate of § 1915(g).  His third argument regarding *D'Amario v. Clerk* raises the question as to when a dismissal is considered final and counted as a strike under § 1915(g).  Mr. D'Amario's Rule 59(e) motion to alter or amend judgment and to disqualify all District of New Jersey Judges was denied on March 19, 2008.  *Opinion and Order* at 6 (Docket # 10).  He has not filed an appeal.  Section 1915(g) "applies

---

[1]   In *D'Amario v. U.S. Bureau of Prisons*, the court ordered Mr. D'Amario's complaint "dismissed in its entirety for failure to state a claim upon which relief can be granted . . . ."  *Order* (Docket # 2).  Mr. D'Amario appealed the decision, (Docket # 3), and the appeal was dismissed for failure to timely prosecute.  (Docket # 12).
     In *D'Amario v. Olnes*, the Recommended Decision stated that "[f]or purposes of 28 U.S.C. § 1915(g), this action should be dismissed 'on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted.'"  *Recommended Decision* at 11 (Docket # 14).  The Recommended Decision was "adopted in full" by the court over Mr. D'Amario's objections.  *Mem. Op. and Order* at 1 (Docket # 20).  Mr. D'Amario filed a notice of appeal (Docket # 22), and a motion to proceed *in forma pauperis* (Docket # 24).  This motion was denied, *Order* (Docket # 26), and the appeal was dismissed for failure to prosecute.  (Docket # 27).  Mr. D'Amario then filed a Motion from Judgment, (Docket # 29), which was denied.  *Order* (Docket # 31).  Both dismissals are final dismissals.
     Reviewing Mr. D'Amario's extensive list of dockets on PACER – 96 civil cases and 234 total cases – it appears other cases would qualify as a strike under § 1915.  For example, in *D'Amario v. Salisbury, et al.,* 91-cv-313-T-JH (D.R.I.), Mr. D'Amario's six count complaint under § 1983 was dismissed "for failure to state factual issues."  *Report and Recommended Decision* (Docket # 16).  This Recommended Decision was accepted by the court.  *Order* (Docket # 24).  Mr. D'Amario's appeal was dismissed for failure to pay docketing fees as directed.  (Docket # 34).
     Mr. D'Amario's frivolous filings have been noted by other courts as well.  In *D'Amario v. United States of America*, 5-cv-216-P-H, Judge Hornby placed Mr. D'Amario "on NOTICE that filing restrictions 'may be in the offing.'  This represents the 'cautionary order' of which *Cok* speaks.  Groundless and inappropriate filings will not be tolerated."  *Order on Pet.'s Mot. for Relief from J.* at 2-3 (Docket # 17) (quoting *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35 (1st Cir. 1993)).

only to final dismissals. Dismissals do not count as strikes until an appeal has been either waived or resolved." *Thompson v. DEA*, 492 F.3d 428, 440 (D.C. Cir. 2007). As no appeal has been filed, and the time for such an appeal has passed, the dismissal of *D'Amario v. Clerk* is considered final and counts as a third strike.

1. It is therefore <u>ORDERED</u> that the Recommended Decision of the Magistrate Judge is hereby <u>AFFIRMED</u>.

2. It is further <u>ORDERED</u> that the Petitioner's Motion to proceed *in forma pauperis* (Docket # 2) is <u>DENIED</u>.

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE
SITTING BY DESIGNATION

Dated this 13th day of June, 2008