UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

IN RE ARTHUR D'AMARIO,                )
                                      )
                                      )     Civil No. 1:07-CV-00324-JAW
                                      )

**ORDER ON MOTION TO ALTER OR AMEND JUDGMENT**

On June 13, 2008, the Court affirmed the Recommended Decision of the Magistrate Judge. *Order Affirming the Recommended Decision of the Magistrate Judge* (Docket # 21) (*Order*). Mr. D'Amario now moves, pursuant to Rule 59(e), "to alter or amend the judgment EOD 6/13/08, for the reason that the prior proceedings resulting in the imposition of PLRA strikes, and related cases, were the product of judicial fraud and file tampering." *Mot. to Alter or Amend J.* at 1 (Docket # 23) (*Pl.'s Mot.*).

First, Mr. D'Amario argues that *D'Amario v. Salisbury, et al.*, 91-cv-313-T-JH (D.R.I.) was not a prisoner lawsuit, and should not be counted as a strike under 28 U.S.C. § 1915(g). Contrary to Mr. D'Amario's representation, the *Salisbury* docket reveals that the Plaintiff, Arthur D'Amario, represented himself, and listed the Federal Correctional Institution in Littleton, Colorado as his mailing address.

More importantly, however, the Court included the *Salisbury* case in a footnote to illustrate additional cases that might count as a strike under § 1915. *See Order* at 2 n.1. Assuming, *arguendo*, that Mr. D'Amario could successfully prove the *Salisbury* case was not a prisoner lawsuit, it would have no impact on the Court's order because the Court did not count *Salisbury* as a strike.

Next, Mr. D'Amario attacks one of the three cases the Court counted as a strike in its order:

> Plaintiff was unable to appeal the dismissal of *D'Amario v. Clerk*, No. 7-cv-4566-RBK (D/NJ).  While his 59(e) motion was pending, the defendant finally, after two years, relented and provided him an estimate for purchase of a transcript.  He actually had to sue just to get an estimate, as NJ clerks hate him.  Once he got the transcript, there was nothing left to appeal, leaving him stuck with the PLRA "strike" even if it's unfair.

*Pl.'s Mot.* at 2.[1]  Contrary to Mr. D'Amario's current position, his petition in *D'Amario v. Clerk* did not simply demand "an estimate for purchase of a transcript"; rather, he demanded a copy of the transcript at government expense.  *Pet. for a Writ of Mandamus* at 2, Civ. No. 07-4566-RBK (D.N.J. Oct. 5, 2007) (Docket # 1) (*Pet.*); *see also Order and Opinion* at 4 (Docket # 10) (ruling on Mr. D'Amario's Rule 59(e) motion, the court stated that "this Court was not asked to, and did not, rule on whether Petitioner is entitled to the transcript *at all*, but merely whether Petitioner is entitled to the transcript *at government expense*").  In addition, in his petition, Mr. D'Amario raised a long list of other issues and he could have appealed any of them.[2]  Mr. D'Amario was not unable to appeal the dismissal in *D'Amario v. Clerk*, rather, he chose not to file an appeal.  As noted by the Court in its order, § 1915 "applies only to final dismissals.  Dismissals do not count as strikes until an appeal has been either waived or resolved."  *Order* at 2-3 (quoting *Thompson v. DEA*, 492 F.3d 428, 440 (D.C. Cir. 2007)).  The dismissal in *D'Amario v. Clerk* is considered final and counts as a strike under § 1915.

---

[1] In his Motion to Alter or Amend Judgment, Mr. D'Amario included a number of additional documents, including a memorandum.  This citation refers to the second page of the motion, which is the first page of the memorandum.

[2] In his New Jersey petition, Mr. D'Amario sought the following additional materials:

> Respondent Clerk is also withholding from Petitioner other exculpatory evidence that is lawfully his, including:  (a) Notes and a report prepared by DUSM Mickey Pease and/or DUSM John Wilson concerning their installation of an ADT home alarm for Judge Irenas in 2006; (b) Notes and a report prepared by DUSM Pease concerning his confrontation with Petitioner on a courthouse elevator on Sept. 13, 2006; (c) Notes and reports compiled about Petitioner by DUSM Wilson throughout 2006.

*Pet.* at 2.  In addition, Mr. D'Amario claimed:

> [I]n July 2005 Respondent sent messages concerning Petitioner by phone, fax and mail to BOP personnel at U.S. Medical Center in Springfield, MO, including to Dr. Russ Carter and Donna L. Davis.  Petitioner demands access to all such records, reports and notes, as such evidence will prove that Camden court officers have an interest in continuing his incarceration.

*Id.*

The Court DENIES the Motion to Alter or Amend Judgment (Docket # 23).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE
SITTING BY DESIGNATION

Dated this 9th day of July, 2008